```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
COVIDIEN AG and TYCO HEALCARE                                   :
GROUP LP d/b/a "Covidien,"                                      :
                                                                :
                                Plaintiffs,                     :
                                                                :      08 Civ. 7151 (GEL)
        -against-                                               :
                                                                :      OPINION AND ORDER
CAPITALSOURCE INC.,                                             :
                                                                :
                                Defendant.                      :
                                                                :
----------------------------------------------------------------x
```

Aaron J. Schechter, Kirkland & Ellis LLP, New York, NY (Paul R. Garcia, Tom M. Monagan III, Jordan M. Heinz, Kirkland & Ellis, Chicago, IL, of counsel), for plaintiffs.

Todd R. Harrison, Patton Boggs LLP, New York, NY (Talcott J. Franklin, Patton Boggs LLP, Dallas, TX, George M. Borababy, Patton Boggs LLP, Washington, DC, of counsel), for defendant.

GERARD E. LYNCH, District Judge:

Plaintiffs Covidien AG and Tyco Healthcare Group LP (collectively, "Covidien") bring this action against CapitalSource, Inc., alleging trademark infringement, trademark dilution, and unfair competition arising from defendant's use of a mark similar to the Covidien logo. Defendant now moves to dismiss the complaint for failure to state a claim or, in the alternative, to transfer venue to the District of Maryland. For the following reasons, both motions will be denied.

Defendant first argues that plaintiffs' complaint fails to state claims for federal trademark infringement, unfair competition under federal or common law, and trademark dilution under New York State Law, because it does not allege that the design element of the Covidien logo is

itself federally-registered or otherwise protectable; that plaintiffs actually used the registered mark in connection with educational services; or that plaintiffs' mark is "extremely strong."

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original; citations omitted). The Second Circuit has rejected the view that Twombly "requir[es] a universal standard of heightened fact pleading," and instead concluded that it requires only that a plaintiff "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

Here, plaintiffs allege that they are the owners of a federally-registered trademark that "consists of two block letter Cs, with one reversed so they are facing each other, combined with the designation COVIDIEN." (Compl. ¶ 19 & Ex. C.) They further allege that the design element within their mark is "a distinctive symbol which the public recognizes and uniquely associates with Covidien," and that this element is the "centerpiece" of their "branding efforts," appearing – inter alia – "in the vast majority of Covidien communications, including print advertising, collateral materials, press releases, and company signage." (Id. ¶¶ 13, 21.) These factual allegations, which identify the mark at issue and claim use, are sufficient to render plaintiffs' claims plausible. To require more would impose on plaintiffs the sort of heightened pleading standard that the Second Circuit has expressly disavowed. See Iqbal, 490 F.3d at 157.

Defendant's argument that the design element of plaintiffs' mark cannot be protected when standing alone does not alter this conclusion. The Second Circuit has held that "[a] design used in conjunction with other marks is separately protectable in its own right if it creates a separate and distinct impression from the impression created by the other marks. This will be true if either the mark is itself inherently distinctive, or if the consuming public has come to associate the separate mark in itself with the particular product, vesting it with its own distinct secondary meaning."[1] Star Indus., Inc. v. Bacardi & Co. Ltd., 412 F.3d 373, 382 (2d Cir. 2005) (citations omitted). As plaintiffs have alleged that their design element is a distinctive symbol recognized by the public, and that CapitalSource's use of a similar mark is likely to cause confusion as to the source of any goods and services offered in connection with such a mark (Compl. ¶¶ 21, 27), they are entitled to develop a factual record supporting those allegations.[2]

---

[1] Broadcasting Publications, Inc. v. Burnup & Sims, Inc., 582 F. Supp. 309 (S.D. Fla. 1983), the case cited by defendant in support of its position, is not to the contrary. There, *after development of a factual record*, the court observed that plaintiff had not demonstrated "any use of the symbol alone, such that a consumer would be invited to identify the originator of goods by reference to that symbol alone," nor had plaintiff introduced any evidence showing that consumers associated the symbol with the producer rather than the product itself. See id. at 314-15. Given the lack of a factual record on which to decide any such issue in this matter, Broadcasting Publications cannot serve as a basis for dismissal.

[2] Although defendant contends that plaintiffs' claim for trademark dilution under New York State Law is deficient because plaintiffs have not alleged that their mark is extremely strong, the strength of a mark depends on the degree to which it can be characterized as either inherently distinctive or "distinctive as a result of acquired secondary meaning." Yurman Studio, Inc. v. Castaneda, No. 07 Civ. 1241, 2008 WL 3861219, at *7 (S.D.N.Y. Aug. 19, 2008). Here, not only have plaintiffs characterized their mark as a "strong trademark," but they have also alleged that it is "a distinctive symbol which the public recognizes and uniquely associates with Covidien." (Compl. ¶ 21.) These allegations are sufficient to support the plausibility of the dilution claim.

Assuming that its motion to dismiss is denied, defendant argues in the alternative that for its convenience and the convenience of its witnesses, the case should be transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a).[3] In deciding such motions, "[t]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly." Totilo v. Herbert, 538 F. Supp. 2d 638, 640 (S.D.N.Y. 2008) (alteration in original; quotation omitted). Indeed, only where "the balance of convenience and justice weigh *heavily* in favor of defendant's [requested] forum" will a court override this choice. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. LaFarge North Am., Inc., 474 F. Supp. 2d 474, 480 (S.D.N.Y. 2007) (emphasis added; quotation omitted). Although this is not plaintiffs' home district, plaintiffs persuasively argue that this is the district nearest their principal place of business in which personal jurisdiction is indisputably present. Moreover, while defendant's witnesses and documents are located in Maryland, (1) the witnesses, being under defendant's control, will be available for trial in New York, whereas plaintiffs point to third party witnesses who are present in New York but could not be compelled to attend trial in Maryland; (2) plaintiffs have agreed to accommodate defendant's witnesses during the discovery phase of the case by conducting depositions in Maryland or in Washington, D.C., thereby minimizing the principal source of inconvenience during litigation;[4] (3) defendants documents are easily portable in this age of

---

[3] Defendant does not contend that venue is improperly laid in this district.

[4] See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp., 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) ("Given the likelihood, based on past experience, that the principal expenditure of time in this action will be in the discovery phase, the inconvenience for parties and witnesses can be minimized by a determination that the parties and witnesses will be deposed in their principal place of business.").

technology and their location is therefore not a compelling consideration;[5] and (4) in the statistically unlikely event that a trial is required, New York is sufficiently close to defendant's headquarters in Chevy Chase, Maryland that no significant inconvenience to defendant or its witnesses will result.

Accordingly, defendant's motions to dismiss and to transfer venue are denied.

SO ORDERED.

Dated: New York, New York
       October 23, 2008

                                                  GERARD E. LYNCH
                                                  United States District Judge

---

[5] See id.; see also Hawley v. Accor North Am., Inc., 552 F.Supp.2d 256, 259 (D. Conn. 2008) (location of documents often denied any practical or legal weight given the realities of "modern photocopying technology and electronic storage" of documents).